UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MXY LICENSE HOLDINGS, LLC, a Nevada Limited Liability Company; MXY ANCILLARY HOLDINGS, LLC, a Nevada Limited Liability Company; PURE CA, LLC, a California Limited Liability Company; MXY PROPERTY HOLDINGS, LLC, a Nevada Limited Liability Company; MXY EQUIPMENT HOLDINGS, LLC, a Nevada Limited Liability Company; 2990 MLK JR., LLC, a Nevada Limited Liability Company; PURE UT LLC, a Utah Limited Liability Company; PURE UT PROCESSING LLC, a Utah Limited Liability Company; and SAPPHIRE ENTERPRISES, LLC, a California Limited Liability Company,<br><br>      Plaintiffs,<br><br>v.<br><br>2567423 ONTARIO, INC., a Canadian corporation; RAYRAY INVESTMENTS, INC., a Canadian corporation; KW CAPITAL PARTNERS, LTD., a Canadian corporation; K2 PRINCIPAL FUND, L.P., a Canadian partnership; ANSON EAST MASTER FUND, L.P., a Cayman Islands partnership; ANSON INVESTMENTS MASTER FUND, L.P., a Cayman Islands partnership; BAROMETER EQUITY POOL; BAROMETER TACTICAL BALANCE POOL; BAROMETER TACTICAL INCOME POOL; HADRON HEALTHCARE AND CONSUMERS SPECIAL OPPORTUNITIES FUND; PARKWOOD MASTER FUND, LTD., a Cayman Islands corporation; SAMARA FUND, LTD., a Canadian corporation; DANI WARSHAGER, an individual; MARTIN FIX, an individual, and MATTHEW CONDUIT, an individual,<br><br>      Defendants. | Civil Action<br><br>No. |

**COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs MXY LICENSE HOLDINGS, LLC, MXY Ancillary Holdings, LLC, PURE CA,

LLC, MXY PROPERTY HOLDINGS, LLC, MXY EQUIPMENT HOLDINGS, LLC, 2990 MLK

JR., LLC, PURE UT LLC, PURE UT PROCESSING and SAPPHIRE ENTERPRISES, LLC (collectively, "Plaintiffs"), by their undersigned attorneys, for their Complaint allege as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment and injunctive relief arising from Defendants' improper attempts to name Plaintiffs as additional parties in an arbitration pending before the American Arbitration Association (the "Arbitration") pursuant to an arbitration clause in an unsecured convertible debenture issued in 2019 (the "Debenture").

2. Plaintiffs are not parties to the Debenture and so Defendants levied the baseless allegation that they are somehow "alter egos" of the signatories. However, Defendants do not (because they cannot) allege the facts required to meet the demanding standard for binding the non-signatory Defendants to the arbitration clause set forth in the Debenture.

3. Plaintiffs therefore seek a declaratory judgment to that effect and issuance of a preliminary—and later, permanent—injunction against the Defendants and the American Arbitration Association from compelling Plaintiffs to participate in the arbitration.

## THE PARTIES

4. Plaintiff MXY LICENSE HOLDINGS, LLC, is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business at 3355 E. Spring Street, Suite 300, Long Beach, CA 90806.

5. Plaintiff MXY ANCILLARY HOLDINGS, LLC, is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business at 3355 E. Spring Street, Suite 300, Long Beach, CA 90806.

6. Plaintiff PURE CA, LLC, is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 2990 Martin Luther

King Jr. Blvd., Lynwood, CA 90262.

7.  Plaintiff MXY PROPERTIES HOLDINGS, LLC, is a limited liability company organized and existing under the laws of the state of Nevada with its principal place of business at 3355 E. Spring Street, Suite 300, Long Beach, CA 90806.

8.  Plaintiff MXY EQUIPMENT HOLDINGS, LLC, is a limited liability company organized under the laws of the State of Nevada with its principal place of business at 3355 E. Spring Street, Suite 300, Long Beach, CA 90806.

9.  Plaintiff MLK JR., LLC, is a limited liability company organized and existing under the laws of the State of Nevada with its principal place of business at 3355 E. Spring Street, Suite 300, Long Beach, CA 90806.

10. Plaintiff PURE UT LLC ("Pure UT"), is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business at 757 S. 1040 W., Payson, UT 84651.

11. Plaintiff PURE UT PROCESSING, LLC, is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business at 2813 S. Sierra Vista Way, Suite 103, Provo, UT 84606.

12. Plaintiff SAPPHIRE ENTERPRISES, LLC, is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 6260 88th Street, Sacramento, CA 95828.

13. Defendant 2567423 ONTARIO, INC. ("256 Ontario") is a foreign entity with a principal place of business outside of the United States at 8 Dunloe Rd, Toronto, Ontario M4V 2W5.

14. Defendant RAYRAY INVESTMENTS, INC. ("Rayray") is a foreign entity with a

principal place of business outside of the United States at 42 Heathdale Road, Toronto, Ontario M4C 1M6.

15. Defendant KW CAPITAL PARTNERS, LTD. ("KW Capital") is a foreign entity with a principal place of business outside of the United States at 10 Wanless Avenue, Suite 201, Toronto, Ontario M4N 1V6.

16. Defendant K2 PRINCIPAL FUND, L.P. by its General Partner, K2 GENPAR 2017 INC. ("K2") is a foreign entity with a principal place of business outside of the United States at 2 Bloor Street West, Suite 801, Toronto, Ontario M4W 3E2.

17. Defendant ANSON EAST MASTER FUND, L.P. ("Anson East") is a foreign entity with a principal place of business outside of the United States at 207-155 University Avenue, Toronto, Ontario M5H 3B7.

18. Defendant ANSON INVESTMENTS MASTER FUND, L.P. ("Anson Investments") is a foreign entity with a principal place of business outside of the United States at 207-155 University Avenue, Toronto, Ontario M5H 3B7.

19. Claimant BAROMETER EQUITY POOL ("BEP") is a foreign entity with a principal place of business outside of the United States at 1 University Avenue, Toronto, Ontario M5T 2P1.

20. Defendant BAROMETER TACTICAL BALANCE POOL ("BTBP") is a foreign entity with a principal place of business outside of the United States at 1 University Avenue, Toronto, Ontario M5J 2P1.

21. Defendant BAROMETER TACTICAL INCOME POOL ("BTIP") is a foreign entity with a principal place of business outside of the United States at 1 University Avenue, Toronto, Ontario M5J 2P1.

22. Defendant HADRON HEALTHCARE AND CONSUMER SPECIAL OPPORTUNITIES FUND ("Hadron") is a foreign entity with a principal place of business outside of the United States at PO Box 309, Ugland House, Grand Cayman, K&1-1104.

23. Defendant PARKWOOD MASTER FUND, LTD. ("Parkwood") is a foreign entity with a principal place of business outside of the United States at PO Box 10008, Willow House, Cricket Square Grand Cayman, KY1-1001, Cayman Island.

24. Defendant SAMARA FUND, LTD. ("Samara Fund") is a foreign entity with a principal place of business outside of the United States at 90 Fort Street, PO Box 259 Grand Cayman, KY1-1104.

25. Defendant DANI WARSHAGER is an individual who, at all relevant times herein has resided in, and continues to reside in, Toronto, Canada at 1185 Roselawn Ave, York, Ontario M6B IC6.

26. Defendant MARTIN FIX is an individual who, at all relevant times herein has resided in, and continues to reside in, Toronto, Canada at 328 Brunswick Avenue, Unit 3, Toronto, Ontario M5R 2YR.

27. Defendant MATTHEW CONDUIT is an individual who, at all relevant times herein has resided in, and continues to reside in, Toronto, Canada at 173 DeGrass Street, Toronto, Ontario M4M 2K8.

## JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiffs, which are citizens of the state of California, Nevada and Utah, with all members of the limited liability companies that are Plaintiffs residing

in states within the United States, and Defendants, all of which are citizens of a foreign state, and the amount in controversy exceeds $75,000.

29. Personal jurisdiction over the Defendants is proper because they have submitted to the jurisdiction of the American Arbitration Association located within this jurisdiction and engaged in conduct which has caused and threatens to cause harm to Plaintiffs in this State and Judicial District.

30. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Judicial District because a substantial part of the events giving rise to the claim occurred in this Judicial District.

31. This Court has authority to hear causes of action seeking a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

### FACTUAL ALLEGATIONS

**MCY H Raises Capital by Offering the Debentures**

32. MXY Holdings, Inc., f/k/a Moxie Holdings, LLC ("MXY H") is a Delaware Limited Liability Company that was organized in January 2018. MXY H is a vertically integrated cannabis company with operations in various states including, California, Nevada, and Utah.

33. Non-Party Jordan Lams is founder, Chief Executive Officer and board member of MXY H.

34. Non-Party Kevin Marrone is Vice President of Development and board member of MXY H.

35. In 2019, MXY H determined to raise capital by means of an offering (the "2019 Note Offering") of unsecured convertible debentures (the "Debenture" or "Debentures").

**Defendants ask MXY H to Create a "Blocker" Corporation So Defendants Can Invest without Incurring U.S. Tax Consequences**

36.     Because Defendants and others interested in investing were non-U.S. citizens or entities, they told MXY H that they did not want to incur certain U.S. tax consequences from investing directly in the Debentures.

37.     Defendants, therefore, requested that MXY H incorporate MXY D, Inc. ("MXY D") to serve as a "blocker" corporation, to shield Defendants' investment activities from undesirable U.S. tax consequences.

38.     MXY H agreed to Defendants' request and incorporated MXY D, a Delaware corporation, in April 2019.

39.     Following the incorporation of MXY D, Defendants subscribed for and purchased non-voting Class B Common Stock of MXY D pursuant to a Subscription Agreement for non-U.S. investors (the "2019 Equity Offering"). A copy of the Subscription Agreement executed by each of the Defendants is attached as **Exhibit 1 – Exhibit 15.** MXY D sold a total of $35.6 million of Class B Common Stock and Defendants purchased an aggregate of $19,675,000 of Class B Common Stock of MXY D as follows:

| Subscriber | Number of Shares | Aggregate Amount (US $) |
| --- | --- | --- |
| 2567423 Ontario Inc. | 200 | 200,000 |
| Anson Advisors Inc. | 450 | 450,000 |
| Anson Advisors Inc. | 750 | 750,000 |
| Barometer Equity Pool | 400 | 400,000 |
| Barometer Tactical Balanced Pool | 1,300 | 1,300,000 |
| Barometer Tactical Income Pool | 2,000 | 2,000,000 |
| Dani Warshager | 50 | 50,000 |

| | | |
|---|---|---|
| Hadron Healthcare and Consumer Special Opportunities Fund | 2,000 | 2,000,000 |
| KW Capital Partners Ltd. | 550 | 550,000 |
| Martin Fix | 50 | 50,000 |
| Matthew J. Conduit | 175 | 175,000 |
| Parkwood Master Fund Ltd | 250 | 250,000 |
| Rayray Investments Inc. | 7,050 | 7,050,000 |
| Samara Fund Ltd | 250 | 250,000 |
| The K2 Principal Fund L.P. | 4,200 | 4,200,000 |
| **TOTAL** | **19,675** | **19,675,000** |

**The Subscription Agreement**

40. Each of the Defendants received and signed the Subscription Agreement, which included and incorporated by reference Schedule A-H, which included, among other things, as Schedule A, a Term Sheet describing the Debentures, Schedule G describing various Risk Factors and Schedule H consisting of the Charter and By-Laws of MXY D.

41. In the Subscription Agreement, each of the Defendants also acknowledged, represented and agreed that:

   a. They have "such knowledge in financial and business affairs as to be capable of evaluating the merits and risks of [their] investment in the Offered Securities, including the potential loss of [their] entire investment …." Ex. 1 et seq. at § 6.1(a)(i).

   b. "Other than the Corporate Presentation, the Subscriber has not received or been provided with a prospectus, offering memorandum (within the meaning of the Securities Laws) or any sales or advertising literature or media in connection with the Offering or the MXY Offering or any document purporting to describe the business and affairs of MXY [H] or [MXY D] which has been prepared for review by prospective purchasers to assist in making an investment decision in respect of the Offered Securities and the Subscriber's decision to subscribe for the Offered Securities was not based upon, and the Subscriber has not relied upon, any oral or

written representations as to facts made by or on behalf of [MXY D], MXY [H], the Agent or any employee, agent or affiliate thereof or any other person associated therewith, except as set forth herein." *Id.* at § 6.1(r).

c. None of [MXY D], MXY [H] or the Agent nor any of their directors, employees, officers, affiliates or agents has made any written or oral representations: (i) that any Person will resell or repurchase the Offered Securities; (ii) that any Person will refund all or any part of the Subscription Amount; (iii) as to the future price or value of the Offered Securities or Investor Debentures (or the Underlying Securities); or iv) that [MXY D] or MXY [H] is or will become a reporting issuer in any jurisdiction …." *Id.* at § 6.1(s).

d. They "(i) [have] received and reviewed a copy of each of the Term Sheet and (ii) [have] had the opportunity to ask and have answered any and all questions which Subscriber wished to have answered with respect to the subscription for the Offered Securities made hereunder and all such questions have been answered to Subscriber's full satisfaction, or [Counterclaim-Respondents] elected to waive such opportunity." *Id.* at § 6.3(a).

e. They are not relying upon MXY D "to conduct any due diligence investigation on behalf of the Subscriber concerning the Offering, the MXY [H] Offering, the Offered Securities, the Convertible Debentures or [MXY D's] or [MXY H's] business, management, financial position or condition." *Id.* at § 6.3(b).

f. They have "carefully reviewed the 'Additional Risk Factors' attached as Schedule 'G' to this Subscription Agreement." *Id.* at 6.3(l).

g. the "representations, warranties, covenants and acknowledgements made by Subscriber in this Subscription Agreement are made with the intention that they may be relied upon by MXY [H] [and] [MXY D] …." *Id.* at § 6.5.,

42. Schedule G-Additional Risk Factors disclosed, in pertinent part, that,

The Company [MXY H] is a holding company and essentially all of its assets are the capital stock of its subsidiaries in each of the markets the company operates in, including California. As a result, investors in the Company are subject to the risks attributable to its subsidiaries. As a holding Company, the Company conducts substantially all of its business through its subsidiaries, which generate substantially all of its revenues. Consequently, the Company's cash flows and ability to complete current or desirable future enhancement opportunities are dependent on the earnings of its subsidiaries and the distribution of those earnings to the Company. The ability of these entities to pay dividends and other distributions will depend on their operating results and will be subject to applicable laws and regulations which require that solvency and capital standards be maintained by such companies and contractual restrictions contained in the instruments governing their debt. In the event of a bankruptcy, liquidation or reorganization of any of the Company's material subsidiaries, holders of

indebtedness and trade creditors may be entitled to payment of their claims from the assets of those subsidiaries before the Company.

43. At the time of the 2019 Note Offering, Lams and Marrone were two of the four members of the board of managers of MXY H.

44. The Subscription Agreement provided that MXY D "will invest 100% of the proceeds received hereunder to participate in the MXY Offering for Convertible Debentures in the aggregate principal amount that is equal to the total dollar amount invested by subscribers in the Offering." Ex. 1, et seq. at § 3.1.

45. MXY D subscribed for and purchased $35,609,000 of the principal amount of the Debentures issued by MXY H bearing 8% interest with a maturity date of May 17, 2021, pursuant to the 2019 Note Offering. A copy of the Subscription Agreement of MXY D is attached as **Exhibit 16.** A copy of the Debenture issued to MXY D is attached as **Exhibit 17.**

**The Debenture and the Arbitration Clause**

46. The Debenture includes the following arbitration clause:

> … Any controversy or claim arising out of or relating to this Agreement shall be resolved exclusively by binding arbitration administered by the American Arbitration Association ("AAA") in accordance with its Commercial Arbitration Rules in effect on the date of this Agreement, including, but not limited to, Rule 38 entitled "Emergency Measures of Protection." … The arbitrator shall award to the prevailing party as determined by the arbitrator all of its reasonable costs and expenses including the arbitrator's fees, administrative fees, and attorneys' fees.

*See id.* at § 10.10 (the "Arbitration Clause").

47. It is undisputed that none of the Plaintiffs is a party to the Debenture or to the Subscription Agreement, and that they are not signatories to the Debenture's Arbitration Clause.

48. Subsequent to the original maturity date of the Debentures, 100% of the holders of the then outstanding Debentures voted to waive any default and to extend the maturity date of the

Debentures until May 17, 2023, as expressly permitted by the terms of the Debentures.

**The Defendants Commence a State Court Action Against MXY H, Lams and Marrone That is Compelled to Arbitration**

49. On or about July 19, 2021, Defendants, directly and derivatively on behalf of MXY D, initiated a lawsuit in the Superior Court of the State of California ("State Court Action") against MXY H, Lams and Marrone, asserting various causes of action based on the Debenture and alleged representations made in connection with the Debenture. *See* State Court Complaint, attached hereto as **Exhibit 18**.

50. Because all of the claims asserted by Defendants in the State Court Action stemmed from the alleged failure to pay MXY D the entire balance due under MXY D's Debenture, based on the mandatory Arbitration Clause in the Debenture, MXY H, Lams and Marrone filed a Motion to Compel Arbitration.

51. By Order dated November 24, 2021, the State Court granted the Motion and stayed the State Court Action pending binding arbitration of the entire action. A copy of the Court's Opinion and Order compelling arbitration is attached as **Exhibit 19**.

52. On December 31, 2021, Defendants filed a Demand for Arbitration with the American Arbitration Association naming MXY H, Lams and Marrone as Respondents together with nonnominal respondent MXY D. A copy of the original Demand for Arbitration (without exhibits) is attached as **Exhibit 20.**

**Defendants Attempt to Name Plaintiffs as "Additional Respondents" in the Arbitration**

53. On April 13, 2022, Defendants filed an Amended Demand for Arbitration which, among other things, purported to add each of the Plaintiffs as additional Respondents. A copy of this Amended Demand (without exhibits but including Proof of Service) is attached as **Exhibit 21**. Defendants did not serve the Amended Demand on Plaintiffs.

54. While Defendants concede (as they must) that none of the Plaintiffs is a signatory to the Arbitration Clause, they have sought to pull Plaintiffs into the Arbitration by making baseless and conclusory allegations that Plaintiffs are "alter egos" of MXY H, Lams and Marrone (the actual signatories).

55. On April 19, 2022, Defendants filed an application pursuant to Commercial Arbitration Rule R-37 for injunctive relief (the "Rule 37 Application"), a copy of which, without Exhibits, is attached as **Exhibit 22**. The Rule 37 Application seeks to enjoin Plaintiffs from engaging in various business transactions or disposing of any of their assets. Ex. 22 at pp. 1-2.

56. The Rule 37 Application has been fully briefed and the arbitrator has completed oral argument on the Rule 37 Application, rendering it ripe for decision in the arbitration.

57. On July 13, 2022, Defendants filed a Second Amended Demand which, among other things, included purported Proof of Service on Plaintiffs by U.S. Mail directed to their respective agents for service of process. A copy of the Second Amended Demand (without exhibits but including Proof of Service) is attached as **Exhibit 23**.

58. On July 21, 2022, counsel for Respondents MXY H, Lams and Marrone informed the arbitrator that counsel had made inquiries in response to the arbitrator's direction and had been informed that Plaintiffs did not intend to participate in the arbitration and intended to bring an action before this Court contesting the American Arbitration Association's attempt to exercise jurisdiction over them. A copy of this letter is attached as **Exhibit 24**.

59. On July 22, 2022, the arbitrator issued Pre-Hearing Order No. 6 which provided that in light of counsel's letter of July 21, 2022, the Tribunal would hold in abeyance "the pending Alter Ego Motion" of Claimants/Defendants to add Plaintiffs as Additional Respondents to the

arbitration "pending clarification by the court of the issues raised" in the July 21, 2022, letter. A copy of this Order is attached as **Exhibit 25.**

## CLAIM FOR DECLARATORY JUDGMENT

60. Plaintiffs incorporate by reference paragraphs 1-59 above as if fully set forth herein.

61. There is a substantial controversy and a live dispute between the parties having adverse legal interests of such sufficient immediacy and reality to warrant the issuance of a declaratory judgment. The dispute, therefore, between Plaintiffs and Defendants is a justiciable controversy appropriate for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

62. None of the Plaintiffs is a signatory to the Debenture containing the Arbitration Clause, which is the sole basis for the American Arbitration Association to exercise jurisdiction over Respondents MXY H, Lams and Marrone.

63. Defendants knew or should have known at the time of their subscriptions and at all subsequent times that the Debenture is solely an unsecured convertible debt obligation of MXY H and not an obligation of any of the Plaintiffs.

64. Defendants knew or should have known that MXY H's only interest in Plaintiffs is an equity or beneficial interest in each of the Plaintiffs as fully disclosed to Defendants in connection with their subscription for Class B Common Stock of MXY D.

65. Defendants knew or should have known that none of the Plaintiffs has any management role or ability to control the business and affairs of MXY H. Defendants knew or should have known that neither MXY H, Lams, nor Marrone had any domination or control over Plaintiffs or used them as instrumentalities in their alleged fraud.

66. Defendants knew or should have known that pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., in order for a person to be subject to mandatory arbitration, the person must be subject to a contract containing an agreement to arbitrate a dispute.

67. Defendants knew or should have known at the time of their subscriptions and at all subsequent times, that the Debenture, containing the arbitration agreement, by its express terms prohibited Plaintiffs or any other person from being an intended third-party beneficiary of the Debenture, as set forth in Article 10.4 of the Debenture entitled "Provisions of Debenture for the Sole Benefit of Parties and Debenture holders":

> Nothing in the Debentures, express or implied, shall give or be construed to give to any person other than the parties thereto and the Debentureholders, as the case may be, any legal or equitable right, remedy or claim under the Debenture, or under any covenant or provision herein or therein contained, all such covenants and provisions being for the sole benefit of the parties hereto and the Debentureholders.

68. Accordingly, Plaintiffs are entitled to the entry of a judgment declaring that Plaintiffs are not subject to the arbitration agreement contained in Article 10.10 of the Debenture, and Defendants shall not be permitted to require Plaintiffs to submit to the jurisdiction of the American Arbitration Association with respect to any controversy or claim arising out of or relating to the Debentures.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment and injunctive relief as follows:

1. A declaration that Plaintiffs are not subject to the arbitration agreement contained in the Debentures.

2. A declaration that Defendants are barred from asserting, maintaining or pursuing any claim or remedy, directly or indirectly, against Plaintiffs in the arbitration pending before the American Arbitration Association designated Case No. 01-21-0018-1992.

3. A declaration that the American Arbitration Association does not have jurisdiction over Plaintiffs for any purpose in the pending arbitration designated Case No. 01-21-0018-1992, or otherwise.

4. Issuance of a preliminary and permanent injunction prohibiting Defendants from asserting or pursuing jurisdiction over Plaintiffs in the pending arbitration or pursuing any claim or remedy against Plaintiffs for any purpose based in whole or in part on any Order or decision of the arbitrator in American Arbitration Association Case No. 01-21-00118-1992.

5. Such other relief as this Court deems just and proper.

Dated: August 11, 2022

Respectfully submitted,

By: _/s/ Andrew M. Purdy_
    Andrew M. Purdy (AP7227)
    Erika L. Shapiro
    Rowennakete Barnes

BROWN, NERI, SMITH & KHAN, LLP
15615 Alton Parkway, Suite 450
Irvine, CA 92618
Tel: (310) 593-9890
Fax: (310) 593-9980
andrew@bnsklaw.com
erika@bnsklaw.com
kete@bnsklaw.com

*Attorneys for Plaintiffs*
MXY LICENSE HOLDINGS, LLC; MXY ANCILLARY HOLDINGS, LLC; PURE CA, LLC; MXY PROPERTY HOLDINGS, LLC; MXY EQUIPMENT HOLDINGS, LLC; 2990 MLK JR., LLC; PURE UT PROCESSING LLC; and SAPPHIRE ENTERPRISES, LLC

Dated: August 11, 2022

                                             By: _/s/ Richard Trotter_
                                                         Richard Trotter

                                         FEUERSTEIN KULICK LLP
                                         420 Lexington Avenue, Suite 2024
                                         New York, NY 10170
                                         Tel: (646) 768-0588
                                         rich@dfmklaw.com

                                         *Attorneys for Plaintiff PURE UT LLC*